UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            v.                          )        Criminal No. 98-0196-01 (PLF)
                                        )
MARVIN J. RAGLAND,                      )
                                        )
            Defendant.                  )
_____)


OPINION AND ORDER

        This matter is before the Court on defendant Marvin Ragland's *pro se* motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Mot."). The Federal Public Defender's

Office entered an appearance on Mr. Ragland's behalf and filed a supplement to his *pro se*

motion ("Supp."). The government filed a response to the motion ("Opp."), and Mr. Ragland's

counsel filed a reply ("Rep."). The Court heard oral argument on June 27, 2008.

        On August 28, 1998, Mr. Ragland pled guilty to one count of a 37-count

indictment, conspiracy to distribute and possess with intent to distribute 50 grams or more of

cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846.[1] In his written plea agreement,

Mr. Ragland acknowledged that he was subject to a ten-year mandatory minimum sentence and

was accountable for more than 150 grams but less than 500 grams of cocaine base. *See* July 22,

1998 Plea Agreement.[2] As defense counsel accurately summarizes:

---

[1]     There were five defendants indicted together, and Mr. Ragland was charged in 21 of the
37 counts.

[2]     The transcript of the plea proceeding *could* be read as an acknowledgment that he was
accountable for as much as 255 grams of crack cocaine. *See* August 28, 1998 Tr. at 16-17.

The Court sentenced Mr. Ragland for this offense on April 16, 1999. At that time, the Court found that although Mr. Ragland was a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines, treating him as such would "overstate his criminal history and his likelihood of recidivism and that his criminal past is 'significantly less serious' than that of a typical career offender." Statement of Reasons, Attachment at 2. For these reasons, pursuant to § 4A1.3, the Court departed from the sentencing range applicable under the career offender provision, to the otherwise applicable range. *Id*. The Court found that absent the career offender provision the applicable sentencing range was 188 to 235 months (offense level 31, criminal history category VI). With these findings, the minimum sentence the law would allow the court to impose at the time of Mr. Ragland's original sentencing was a sentence of 188 months incarceration, and the Court imposed this then-mandatory sentence.

Supp. at 2.

Under Amendment 706 to the Sentencing Guidelines, which was made retroactive by Amendment 711 effective March 3, 2008, Mr. Ragland's offense level is a 29 and, at Offense Level 29, Criminal History Category VI, his new Guidelines range is 151 to 188 months. The United States does not oppose a reduction in Mr. Ragland's sentence to 151 months. Mr. Ragland, however, asks the Court to further reduce his sentence, considering all relevant sentencing factors under 18 U.S.C. § 3553(a), and impose a new sentence of 120 months – the statutory mandatory minimum sentence for the crime to which he pled guilty – by varying from the new Guidelines range under *United States v. Booker*, 543 U.S. 220 (2005). The United States opposes this request for a further reduction, and argues that the Court has no authority to reduce Mr. Ragland's sentence below 151 months, the bottom of his amended Guidelines range. The question presented is whether the Court may vary from an amended Guidelines sentencing range under *Booker* when granting a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

## I. FRAMEWORK

28 U.S.C. § 994(o) provides that the "Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."  28 U.S.C. § 994(o).  28 U.S.C. § 994(u) provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentence of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

18 U.S.C. § 3582 provides that the Court "may not modify a term of imprisonment once it has been imposed" with three exceptions, one of which reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).[3]  It is within the Court's discretion whether to grant a Section 3582 motion – that is, even if a defendant's Guidelines range has been lowered, the Court, in its discretion, may deny the motion.

Section 3582 is deemed in some Circuits to be jurisdictional – that is to say, a

---

[3]     The other two exceptions, not relevant here, are upon the motion of the Director of the Bureau of Prisons (pursuant to Section 3582(c)(1)(A)) and under Rule 35 of the Federal Rules of Criminal Procedure (pursuant to Section 3582(c)(1)(B)).

district court does not have jurisdiction to modify a sentence other than in compliance with this provision. *See, e.g., United States v. Julien*, 550 F. Supp. 2d 138, 139 (D. Me. 2008) (noting that "this statutory exception to the final judgment rule limits the Court to sentence reductions that are 'consistent with applicable policy statements issued by the Sentencing Commission.' 18 U.S.C. § 3582(c)(2). In the Court's assessment, this language regarding sentence reductions amounts to a limit on the Court's jurisdiction.") (citations omitted); *see also United States v. Regalado*, 518 F.3d 143, 150-51 (2d Cir. 2008) (referring to Section 3582 as jurisdictional). The D.C. Circuit, however, has "question[ed]" such a reading, and has expressly left open the question of whether Section 3582 is jurisdictional – or, rather, is a "claims-processing rule." *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006).

The applicable policy statement issued by the Sentencing Commission with respect to the retroactive application of reduced Sentencing Guidelines is found in Section 1B1.10 of the United States Sentencing Guidelines. The Sentencing Commission lists those amendments that it intends to have retroactive application in subsection (c). Section 1B1.10(a)(2)(B) notes that if a retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range" then a reduction in the defendant's term of imprisonment is "not consistent with the policy statement" and therefore "is not authorized." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines policy statement in Section 1B1.10 – as amended effective March 3, 2008 – also provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection

4

(c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

The policy statement further provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to *a term that is less than the minimum of the amended guideline range*[,]" U.S.S.G. § 1B1.10(b)(2)(A) (emphasis provided), and that proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).  In short, the policy statement clearly is intended to limit sentence reductions to those provided for in the applicable amendment – in this case, to the two-level offense level reduction provided for crack cocaine offenses, and none other ("and shall leave all other guidelines application decisions unaffected.").  It also clearly is intended to assure – by stating expressly that the mechanism provided by the retroactive amendment is not "a full resentencing" and that any sentence reduction may not be "less than the minimum of the amended guidelines range" – that the Court may not "vary" (in the *Booker* sense) below an amended Guidelines sentence.

## II.  DISCUSSION

As noted, there are only three grounds on which a defendant can file a motion under Section 3582 – upon motion of the Bureau of Prisons, under Rule 35, or, as in this case, when the movant "has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[4]

It is completely uncontroversial to note that *Booker* is not itself *grounds for* a Section 3582(c) motion for a reduction in sentence, and defense counsel does not suggest that it is. That is just another way of saying that the holding of *Booker* is not retroactive to cases in which the judgment is final. *See, e.g., In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007) (*Booker* is not retroactive to cases in which the judgment is final). Some of the cases cited by the government in its brief – not all, but several – stand for this basic proposition. *See, e.g., United States v. Quary*, No. 95-40083, 2008 WL 1766951 (D. Kan. April 15, 2008) (*Booker* itself is not grounds to file a motion under Section 3582); *United States v. Jones*, No. 97-20005, 2007 WL 2703122 (D. Kan. Sept. 17, 2007) (same).

---

[4]     As defense counsel points out, the government cites numerous cases in which a Court determined that the recent amendment to the crack Guidelines *did not have the effect of lowering a defendant's sentence* (for various reasons such as statutory mandatory minimums, career offender status, or substantial assistance departures under Section 5K1.1). *See* Reply at 10-11 (citing many cases); *see, e.g., United States v. Roberson,* Criminal No. 1:CR-88-00173-01, 2008 WL 2020209, *2 (M.D. Pa. May 8, 2008); *United States v. Bellamy*, No. 6:01-cr-29-Orl-19GJK, 2008 WL 1930485, *3 (M.D. Fla. May 1, 2008); *Montes v. United States*, Criminal No. 04-242, 2008 WL 906079, *2 (S.D.N.Y. April 3, 2008); *United States v. Davis*, No. 2:01-cr-56-FTM-29DNF, 2008 WL 660277, *2 (M.D.Fla. March 6, 2008); *United States v. Veale*, Criminal No. 03-0167, 2008 WL 618176, *3 (N.D.N.Y. March 3, 2008); *United States v. Rivera*, 535 F. Supp. 2d 527 (E.D. Pa. 2008); *see also United States v. Swint,* 251 Fed. Appx. 765, 768 & n.1 (3d Cir. 2007) (unpublished) (Amendment 591 did not have the effect of lowering defendant's sentence; *dicta* that Section 3582(c)(2) does not entitle the defendant to a full resentencing).

As a result, the motions filed by the defendants in those cases did not fall within the exception found in Section 3582(c)(2) and were denied. In several of those cases, the court went on to opine that *Booker* would not be applicable to a Section 3582 proceeding – but in light of the fact that those defendants were not eligible to file a Section 3582 motion in the first place (because the amendment did not lower their Guidelines range) such statements are *dicta*. In several cases, the statement was made in a conclusory manner, without any legal analysis. Furthermore, in some of the cases on which the government relies, the court itself cited decisions that stand for a different proposition – a proposition with which this Court agrees – that *Booker* itself is not *grounds for* filing a Section 3582(c) motion.

Defense counsel acknowledges that her client is only before the Court because the Sentencing Commission decided to lower the sentencing range for crack cocaine offenses and to make that amendment retroactive, thus squarely triggering one of the three exceptions provided by Congress in Section 3582(c) to the prohibition on modifying a sentence after it is imposed. The question counsel presents is this: Once a defendant has a basis to file a motion under Section 3582(c)(2) – because the Commission has lowered the Guidelines under which the defendant was sentenced and made that amendment retroactive – does the holding of *Booker*, which made the Guidelines advisory, apply to the Section 3582 proceeding?  In other words, once the Court is considering whether to exercise its discretion to reduce a defendant's sentence under Section 3582(c)(2), and considering – as it is instructed to do by Section 3582 – the Section 3553(a) factors in determining whether and to what extent to apply the reduction, must it treat the amended Guidelines range as mandatory, as it would have done prior to *Booker*, or may it vary from the amended Guidelines range if persuaded that there are factors under Section 3553(a) that justify not just a sentence at the low end of the new range but also a *Booker* variance?

In arguing that *Booker* does not apply to a Section 3582(c)(2) proceeding, the government first cites *United States v. Clarke*, 2008 WL 1913899, *1 (M.D. Fla. Apr. 28, 2008), which in turn quotes and cites an unpublished decision from the Eleventh Circuit, *United States v. Crawford*, 243 Fed. Appx. 476 (11th Cir. 2007) (not precedential).  *See* Opp. at 9.  This Court is not persuaded by *Crawford*, or any of the district court cases that cite to it, for several reasons: (1) the court in *Crawford* pointed out that the *Booker* question was not raised until the reply brief was filed, so it was "not properly presented" in that case; (2) the defendant was not eligible for a sentence reduction under the Guidelines Amendment at issue, so the discussion of *Booker* is

7

*dicta*; and, most importantly, (3) the court in *Crawford* held that "*Booker* is inapplicable" in the sense that it "does not provide a jurisdictional basis to modify and reduce" the sentence. *Crawford* therefore states, in *dicta*, that *Booker* is not *grounds for* a Section 3582 motion – but says nothing about the question at issue in this case.

A *Booker* variance below an amended Guidelines range is flatly inconsistent with the Guidelines policy statement, and the intent of the Sentencing Commission when it amended the crack guidelines to lower them and made that amendment retroactive. That is apparent from a plain reading of the March 3, 2008 amendment to the Commission's policy statement, Section 1B1.10. For that reason, the government argues that a *Booker* variance is not permissible under Section 3582(c)(2), which says that a reduction is allowed only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Julien*, 550 F. Supp. 2d at 139-40; *United States v. Osuna*, Criminal No. 02-1327, 2008 WL 1836943, at *3 (E.D.N.Y. Apr. 22, 2008); *United States v. Cruz*, Criminal No. 02-0725, 2008 WL 539216, at *2-5 n. 7 (E.D.N.Y. Feb. 27, 2008). But, despite these express efforts by the Commission to limit the Court's discretion by amending Section 1B1.10, it is apparent to this Court that the Sentencing Commission cannot abrogate the Supreme Court's constitutional decisions such as *Booker* and *Kimbrough*, 128 S.Ct. 558 (2007), which made clear that the Guidelines could survive constitutional challenge only if they were advisory. *See also Neal v. United States*, 516 U.S. 284, 290 (1996); *Stinson v. United States*, 508 U.S. 36, 38 (1993) (Guidelines commentary authoritative only when it does not violate the Constitution or a federal statute).

8

Since *Booker*, the only court of appeals to consider the question presented here is the Ninth Circuit in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).[5]  In *Hicks* the court of appeals "reverse[d] the district court and [held] that *Booker* applies to § 3582(c)(2) proceedings." *United States v. Hicks*, 472 F.3d at 1169.  The court stated that "the clear language of *Booker* makes the range advisory," *id*. at 1170, and noted that the *Booker* court "emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another."  *Id*. The only response the government makes to defendant's reliance on *Hicks* is: "We disagree with this decision because its analysis is flawed."  Opp. at 15.  Because this Court finds the reasoning of *Hicks* persuasive, it reaches the opposite conclusion.  In the context of a Section 3582(c)(2) motion for a reduction in sentence, an amended Guidelines range is advisory, just as all Guidelines are – in every context – after *Booker*.  *See Kimbrough v. United States*, 128 S.Ct. at 564 (the "cocaine guidelines, *like all other guidelines*, are advisory only . . . .") (emphasis provided).

The only relevant difference between this case and *Hicks* is that the Commission amended Section 1B1.10, its policy statement, to make abundantly clear its view that a court could not reduce a defendant's sentence below an amended Guidelines range when acting under Section 3582(c)(2) – that is, the Sentencing Commission attempted to make the Sentencing Guidelines mandatory in the context of proceedings under Section 3582(c)(2).  After the amendment to Section 1B1.10, any reduction in sentence that included a *Booker* variance below

---

[5]        This decision was rendered as the result of a different Guidelines amendment than the one at issue here, and the Court in *Hicks* did not have to confront a policy statement as explicit in its intent, because the Commission amended Section 1B1.10 when it made Amendment 706 retroactive via Amendment 711.

9

the amended Guidelines range would not be "consistent with applicable policy statements issued by the Sentencing Commission" within the meaning of Section 3582(c)(2).  But, as the Ninth Circuit noted in *Hicks*, to the extent that a policy statement in the Guidelines contradicts a Supreme Court decision interpreting the Sentencing Reform Act in light of the Constitution, it must be that the policy statement has no effect.  *See United States v. Hicks*, 472 F.3d at 1172-73. The court stated:

> *Booker* makes clear that the Guidelines are no longer mandatory in *any* context – its effect is not restricted to the "de novo resentencing" which the government seeks to distinguish.  *Booker* was not a mere statutory change which can be set aside to allow us to pretend it is [in Mr. Ragland's case, 1998] for the purpose of modifying Hicks' sentence; rather, it provides a constitutional standard which courts may not ignore by treating Guidelines ranges as mandatory in any context.  Thus, to the extent that the policy statements are inconsistent with *Booker* by requiring that the Guidelines be treated as mandatory, the policy statements must give way.

*Id.* at 1173 (emphasis in original).

Other courts have reviewed the holding of *Booker* and agreed with the *Hicks* court, concluding that the Section 1B1.10 policy statement could not, consistent with the Constitution, have the effect of making the Guidelines mandatory when a sentence is modified post-*Booker* under Section 3582(c)(2).[6]  In one such recent case, Judge Kocoras stated:

---

[6]     It is true, as the government notes, that so far there are only a few opinions in which district courts have followed *Hicks* and have held that once Section 3582 authorizes a court to consider reducing a sentence, *Booker* applies.  In addition to *United States v. Shelby*, Criminal No. 95-69, 2008 WL 2622828, * 2 (N.D. Ill. June 30, 2008), discussed *infra*, Judge Robertson issued a decision on July 29, 2008 reducing a sentence below the amended Guidelines range.  *See (Melissa) Hicks v. United States*, Criminal No. 00-0240, Slip Op. (D.D.C. July 29, 2008) (Robertson, J.).  There also are two decisions by Judge Conway in the Middle District of Florida.  *See United States v. Barrett*, 2008 WL 938926 (M.D. Fla. April 7, 2008); *United States v. Stokes*, 2008 WL 938919 (M.D. Fla. April 7, 2008).  There also is a decision from Puerto Rico

> In holding that a mandatory system is no longer an open choice, to the extent that policy statements would have the effect of making the Guidelines mandatory, *Booker* established that they must be void. *Booker* emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another. As a consequence, district courts are necessarily endowed with the discretion to employ the § 3553 factors when issuing new sentences under § 3582(c)(2). The ease and simplicity of mandatory calculations can no longer stand as a substitute for the evaluation of relevant factors necessary to a determination of just punishment.

*United States v. Shelby*, Criminal No. 95-69, 2008 WL 2622828, * 2 (N.D. Ill. June 30, 2008) (internal citations omitted). Judge Kocoras concluded: "[T]he better view is that policy statements, like the substantive Guideline provisions, are advisory only and do not preclude consideration of all of the sentencing factors of § 3553(a) in this case." *Id.* Although the question was not presented in the case before him, Judge Lynch phrases a similar conclusion nicely:

> The effectiveness of these limitations is yet to be tested; it would be, to say no more, ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe, can be limited by a still-mandatory guideline.

*United States v. Polanco*, No. 02 Cr. 442-02, 2008 WL 144825, at *2 (S.D.N.Y. Jan. 15, 2008); *see also (Eric) Hicks v. United States*, Criminal No. 93-0097, 2008 WL 630067 (D.D.C. March

---

that was issued before this Amendment, and before Section 1B1.10 was amended, which follows *Hicks* and holds that *Booker* applies to Section 3582(c)(2) proceedings. *See United States v. Forty- Estremera*, 498 F. Supp. 2d 468, 471-72 (D.P.R. 2007). It is undoubtedly true that other courts have reduced sentences as a result of Amendments 706 and 711 below an amended Guidelines range in an oral decision that would not be easily found by counsel or by other courts. The undersigned is aware of one such case. *See United States v. Melvin*, Criminal No. 04-60192, Hr'g Tr. May 14, 2008 (S.D. Fla.).

6, 2008) (Robertson, J.).

The government points out that in 28 U.S.C. § 994(u), Congress has directed that the Commission "shall specify in what circumstances and by what amount the sentence of prisoners serving terms of imprisonment for the offense may be reduced." Opp. at 9-10. And, the government argues, Congress has directed in Section 3582(c)(2) that reductions must be consistent with the Commission's policy statement, which is found in Section 1B1.10. Because the Commission has provided in the policy statement that a reduction may not lower a defendant's sentence below the amended Guidelines range, to resentence a defendant below the amended range would be inconsistent not only with a pronouncement of the Commission, but also with the intent of Congress as exemplified in Section 3582(c) and Section 994(u). The government asserts that "the Commission, consistent with the authorization provided by Congress, has set a floor below which a reduced sentence may not fall." Opp. at 11. That floor, in the government's view, is the bottom of the amended Guidelines range. The Court is still not persuaded, however, because Congress by statute cannot abrogate a constitutional decision of the Supreme Court any more than the Sentencing Commission can in a policy statement. *See Neal v. United States*, 516 U.S. at 290.

Nor do the government's citation of *United States v. Pettiford*, 517 F.3d 584 (D.C. Cir. 2008) and *United States v. Wise*, 515 F.3d 207 (3d Cir. 2008), demonstrate that the Sentencing Commission has the authority to restrict the extent of sentencing reductions. *See* Opp. at 15-16. In each of these cases, the defendant requested relief under Section 3582(c)(2) as a result of Amendment 706 prior to the effective date (for retroactive application) of March 3, 2008. The D.C. Circuit in *Pettiford* simply noted that the defendant was "not yet eligible to be

12

considered for a reduced sentence" and affirmed the judgment on appeal, which was a direct appeal, directing defendant to file a motion under Section 3582(c)(2) in the district court in the first instance.  *See United States v. Pettiford*, 517 F.3d at 594.  There is no indication that the question presented by this case – whether an amended Guidelines range is advisory or mandatory once a district court is considering a properly-filed Section 3582(c)(2) motion – was argued to the court of appeals or considered by it.  Similarly, the Third Circuit in *Wise* simply noted that because Amendment 706 would not be listed in Section 1B1.10(c) until March 3, 2008, the Amendment was not retroactively applicable.  *See United States v. Wise*, 515 F.3d at 221 n. 3.  There is, again, no indication that the instant question was presented or considered.[7]

     The government also argues that because *Booker* itself is not retroactive, it would be unfair to apply *Booker* and the now-advisory Guidelines "to that subset of those defendants whose sentences are being lowered under Amendment 706."  Opp. at 19.  Because of the way our legal system treats final judgments, it happens frequently that constitutional decisions are not retroactively applicable to cases in which there is a final judgment.  The government maintains that because of this non-retroactivity principle, it would be anomalous to give defendants who get the benefit of a reduced sentence under Section 3582(c)(2) and the amended Guideline the added benefit of *Booker*.  But the real anomaly would be to sentence someone *today* under a system that the Supreme Court declared unconstitutional more than three years ago.  To treat the new

---

[7]     The Court understands that – because Guidelines amendments are made retroactive by being added to subsection (c) of the policy statement in Section 1B1.10 of the Guidelines – an argument could be made that just as the language in Section 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range") is advisory – which is today's holding – so might be the retroactivity provision tied to Section 1B1.10(c).  But that question is not before the Court here, just as the instant question does not appear to have been presented in *Pettiford* or *Wise*.

amended Guidelines range as mandatory – just because the Commission issued a policy statement explicitly attempting to make it mandatory – would be to repeat the constitutional error of the pre-*Booker* system of mandatory Guidelines under which this defendant originally was sentenced.  When the Court has the authority to consider whether to reduce someone's sentence under Section 3582(c)(2) as the result of a retroactive Guidelines amendment lowering a sentencing range, that sentence is no longer a "final judgment," and the post-*Booker* Guidelines regime – an advisory Guidelines system – must apply.

Finally, the government makes what can only be viewed as a semantic argument: Because the statutory text of Section 3582(c)(2) suggests that a proceeding under that section is not a "sentencing" – it is, they assert, a "sentence reduction" or "modification" – there is no reason to apply *Booker*.[8]  The Court is not persuaded.  This argument was presented, discussed, and rejected by the Ninth Circuit in *Hicks*.  *See United States v. Hicks*, 472 F.3d at 1171-72 ("The dichotomy drawn by the government, where full re-sentencings are performed under an advisory system while 'reduction proceedings,' or 'modifications,' rely on a mandatory Guideline system, is false. . . .  Mandatory Guidelines no longer exist, in this context or any other.").  One of the cases cited by the government, *United States v. Swint,* 251 Fed. Appx. 765, 768 & n.1 (3d Cir. 2007) (unpublished), is a decision that states in *dicta* that Section 3582(c)(2) does not entitle the defendant to a full *de novo* resentencing.  *Swint* lacks any persuasive analysis and came in the context of a case where the amendment at issue did not have the effect of lowering the defendant's Guidelines range.  Moreover, the D.C. Circuit – although in a different context – has

---

[8]    This argument was foreshadowed by the Commission itself, which amended Section 1B1.10 to provide that Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant."  U.S.S.G. § 1B1.10(a)(3).

recently referred to a Section 3582 proceeding as a "resentencing."  *See United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008).[9]  In fact, no less an authority than the Advisory Committee on Criminal Rules of the United States Judicial Conference thinks that proceedings under Section 3582(c)(2) constitute "resentencings."  *See* FED. R. CRIM. P. 43, Advisory Committee's Note to 1998 Amendments ("Under [Section 3582(c)], a resentencing may be conducted as a result of retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission . . . .").

The Court having determined to exercise its discretion to lower Mr. Ragland's sentence in accordance with Amendment 706, it first must calculate his amended Guidelines range – 151 to 188 months – and then must consider the factors found in Section 3553(a) in imposing an amended sentence upon Mr. Ragland, whether that sentence be within that range or below it.  Because the hearing on June 27, 2008 dealt only with the legal issue discussed herein and not the Section 3553(a) factors as they apply to Mr. Ragland, the Court will invite further submissions from the parties on the issue of mitigation under Section 3553(a), the appropriateness of the twenty to one crack/powder ratio discussed in *Kimbrough* and in *United*

---

[9]     More specifically, quoting "the leading case" on the issue of whether a Section 3582 motion is civil or criminal in nature, the D.C. Circuit said:

> Because the purpose of a § 3582 motion is resentencing, a motion under § 3582(c)(2) is undoubtedly a step in the criminal case. Similarly, because a sentencing court's consideration of a § 3582(c)(2) motion requires the court to reexamine the original sentence in light of changes to the applicable Guidelines . . . an order granting or denying such a motion is criminal in nature.

*United States v. Byfield*, 522 F.3d at 402 (quoting *United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995)).

15

*States v. Pickett*, 475 F.3d 1347, 1351-56 (D.C. Cir. 2007), and the amount of drugs the

defendant in fact acknowledged responsibility for at the time of his plea or at sentencing.[10]

   Accordingly, there will be further argument – regarding the Section 3553(a)

factors – on August 15, 2008 at 9:00 a.m.  The parties' supplemental briefs shall be filed on or

before August 11, 2008.

   SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 31, 2008

---

[10] The plea and sentencing transcripts have only recently been transcribed.